IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAY 3 0 2017

| | |
|---|---|
| S.S.; S.V; and S.A., through their adoptive parents and next friends, Linda Baker and Warren Baker, | |
| Plaintiffs, | Jury Trial Demanded |
| v. | 3:CV- 17-cv-935 |
| Wayne County Children and Youth Services, | |
| Defendant. | |

## COMPLAINT

**AND NOW COMES**, S.S.; S.V.; and S.A., through their adoptive parents and next friends, Linda Baker and Warren Baker (herein after "Plaintiffs"), by and through counsel, Harry T. Coleman, Esquire, and herby complains and alleges as follows:

### I.     PRELIMINARY STATEMENT

1.     S.S., S.V., and S.A., through Linda Baker and Warren Baker, as adoptive parents and next friends, brings this action against the Wayne County Children and Youth Services ("Wayne County") for its failure to provide Plaintiffs adoption subsidies consistent with the Pennsylvania Adoption Assistance Program which administers the federal adoption subsidy program designed to help parents meet their adopted children's

varied, and often costly, needs.

2. The United States Department of Health and Human Services ("HHS") and the United States Department of Justice have issued guidelines to assist state and local child welfare agencies and courts to ensure that the welfare of children and families are protected in a manner that also protects the civil rights of parents and prospective parents of children with disabilities.

3. Section 504 of the Rehabilitation Act of 1973 ("Section 504") and Title II of the American's with Disabilities Act of 1990 ("ADA") protects parents and prospective parents of children with disabilities from unlawful discrimination in the administration of child welfare programs, activities, and services.

4. Title II of the ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity.

5. Section 504 provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or

activities of any entity that receives Federal financial assistance, or be subjected to discrimination by such entity.

6. A child welfare agency, such as Wayne County, may not directly or through contract or other arrangements, engage in practices or methods of administration that have the effect of discriminating on the basis of disability, or that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the child welfare agency's goals and administrative tasks.

7. Wayne County's actions here have exacerbated the overall debilitation the minor Plaintiffs have experienced as a result of their disabilities. The minor Plaintiffs have suffered and continue to suffer from Wayne County's failure to provide them adoption subsidies, which has, among other things, impacted their academic, behavioral, and emotional functioning, increased and maintained their social isolation, and constructively excluded them from age-appropriate activities at school, at home, and in the community by an inability to fund same.

8. Plaintiffs allege that Wayne County has deprived the minor Plaintiffs of their rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.*, ("Section 504"), Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq.* ("ADA"), the Equal

Protection Clause of the United States Constitution, and 42 U.S.C. § 1983.

9. Plaintiffs seek injunctive relief and adoption subsidies, as well as compensatory damages to compensate Plaintiffs for Wayne County's violations of their rights and the injuries they sustained as a result of those violations. Plaintiffs also seek to recover the attorney's fees and costs which they have incurred and will incur in their effort to secure the adoption subsidies for S.S.; S.V.; and S.A., as well as compensatory damages. 29 U.S.C. § 794a (b); and 42 U.S.C. § 1988.

10. Wayne County's actions set forth below were done intentionally or with deliberate indifference to Plaintiffs' federal statutory rights. Wayne County knew or should have known that its actions as set forth herein violated the standards of conduct which were legally required at the time those actions took place.

## II. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Venue in this District is proper under 28 U.S.C. § 1391 because all Plaintiffs reside within Wayne County, Pennsylvania, where the Defendant Wayne County Children and Youth Services is located, and where the Plaintiffs' causes of action arose.

## III. PARTIES

12. Plaintiff S.S. was born on May 5, 2008, and is currently under the care of a medical doctor for medication management. S.S. has been diagnosed with Oppositional Defiant Disorder, ADHD, combined type and unspecified anxiety disorder. S.S. is a student with related impairments with social and emotional development.

13. Plaintiff S.V. was born on February 23, 2005, and is currently under the care of a medical doctor for medication management. S.V. has been diagnosed with ADHD combined type. S.V. is a student with related impairments with social and emotional development.

14. Plaintiff S.A. was born on September 25, 2006, and is currently under the care of a medical doctor for medication management. S.A. has been diagnosed with Unspecified Impulse Control Disorder, ADHD combined type and Unspecified Depressive Disorder. S.A. is a student with related impairments with social and emotional development.

15. Linda Baker and Warren Baker are the maternal great-grandparents of the minor Plaintiffs as well as the adoptive parents of the minor Plaintiffs. At all times relevant to this action, they have resided in Wayne County, Pennsylvania and within the geographical boundaries of the District.

16. Wayne County is an appropriate defendant within the meaning

of Section 504. It receives federal and state funding for the purpose of adoption subsidies for adoptions within its governmental boundaries. Wayne County is also a "public entity" as defined by Title II of the ADA. 42 U.S.C. § 12131 (1).

17. Wayne County has the responsibility under federal and state law to assure that adoptees with disabilities are properly evaluated, identified, and provided with appropriate adoption subsidies to enable them to achieve meaningful educational benefit and enjoy equal educational opportunities in relation to their typically developing age mates given their individual needs.

## IV.   STATUTORY AND REGULATORY BACKGROUND

18. Children adopted in the Commonwealth of Pennsylvania qualify for adoption assistance under both state and federal law.

19. In order to qualify for adoption assistance under Pennsylvania law, a child must meet one of the following requirements: A. physical, mental, or emotional condition or handicap... or B. a member of a sibling group that is placed together. The minor Plaintiffs are qualified under both requirements.

20. The categories of adoption assistance include non-recurring expenses of adoption; Title IV-E (federally funded) monthly adoption

assistance and state and county funded monthly adoption assistance. The child must be legally free for adoption and subject to the custody or control of a county children and youth agency.

21. The federal regulations, 45 CFR 136.40(c) prohibit use of a means test in determining eligibility for adoption assistance.

22. The state agency, such as Wayne County, is required to actively seek ways to promote the adoption assistance program pursuant to 45 CFR 1356.40(f) which mandates that the agency, such as Wayne County herein, is to notify prospective adoptive parents about the availability of adoption assistance for the adoption of a child with special needs.

23. During the adoption process, the Plaintiffs Linda Baker and Warren Baker were never alerted to the possibility of adoption assistance.

24. When the minor Plaintiffs were subject to an emergency custody petition with the oversight of the Wayne County Children and Youth Services, Wayne County had an obligation to encourage Linda Baker and Warren Baker, as the prospective adoptive parents, to enter into an adoption assistance agreement which would trigger a multitude of services and potential subsidies for the benefit of the three minor

Plaintiffs. Wayne County did not meet its obligation.

25. The adoption assistance program administered by Wayne County is funded through federal, state, and local dollars.

## V. ADOPTION OF THE MINOR PLAINTIFFS

26. On July 12, 2013, Plaintiffs Linda Baker and Warren Baker, filed an Emergency Petition for Custody of the Plaintiffs S.S., S.V., and S.A. in the Court of Common Pleas of Wayne County.

27. Prior thereto, the biological father of the minor Plaintiffs was charged criminally with beating his son S.A.

28. The mother of the minor Plaintiffs was placed in a drug rehabilitation hospital for her addiction to heroin and other drugs.

29. Wayne County Children and Youth Services was involved in the oversight of the children and assisted Linda Baker and Warren Baker in seeking custody of the minor Plaintiffs.

30. Linda Baker and Warren Baker subsequently adopted the minor children by virtue of Orders entered in the Court of Common Pleas of Wayne County.

31. Section 504 also requires that students with disabilities be provided FAPE. In addition, Section 504 prohibits the exclusion of, or

discrimination against, any otherwise qualified individual with a disability by federal fund recipients, as does Title II of the ADA, 42 U.S.C. § 12132, *st seq.* Failure to provide accommodations and supplemental services constitutes discrimination for purposes of both Section 504 and the ADA.

32. Both the IDEA and Section 504 require each state and Local educational Agency (LEA) to locate, identify, and comprehensively evaluate every child with a disability who resides within its boundaries, whether or not those children are enrolled in the public school system. 34 C.F.R. § 300.125; 34 C.F.R. § 104.35.

## VI. CAUSES OF ACTION

**COUNT I: WAYNE COUNTY, THROUGH BAD FAITH AND GROSS MISMANAGEMENT, INTENTIONALLY DISCRIMINATED AGAINST THE MINOR PLAINTIFFS ON THE BASIS OF THEIR DISABILITIES IN VIOLATION OF THEIR RIGHTS UNDER SECTION 504 OF THE REHABILITATION ACT AND THE ADA**

33. The factual averments set forth in Paragraphs 1- 32 are re-alleged and incorporated by reference herein.

34. In spite of their disabilities, the minor Plaintiffs were adoptees who were otherwise qualified to participate in the adoption subsidy program.

35. The Plaintiffs, Linda Baker and Warren Baker, were informed that since their adoption of the minor Plaintiffs here was not

done through foster care but rather through a private adoption that they therefore would not qualify for an adoption subsidy. The focus here by Wayne County was incorrectly placed on the adoptive parents and the mechanism of the adoption as opposed to the status of the minor adoptees.

36. Wayne County's failure to provide adoption subsidies to the minor Plaintiffs and to properly accommodate their disabilities was the result of bad faith and gross mismanagement, and discriminated against S.S., S.V., and S.A. on the basis of their disabilities.

**WHEREFORE,** for all the foregoing reasons, it is respectfully requested that judgment be entered in favor of the Plaintiffs for the compensatory damages sought in this matter plus and award of attorney's fees and costs.

## COUNT II: INTENTIONAL DISCRIMINATION AGAINST S.S., S.V., AND S.A. IN VIOLATION OF THEIR RIGHTS PURSUANT TO THE EQUAL PROTECTION CLAUSE AND SECTION 1983

37. The factual averments set forth in Paragraphs 1-36 are re-alleged and incorporated by reference herein.

38. The Equal Protection Clause of the United States Constitution provides S.S., S.V., and S.A. with substantive protection from unequal treatment based on their disability which is not rationally related to an

important state interest.

39. Wayne County, intentionally and under color of law, has discriminated against S.S., S.V., and S.A. on the basis of their disability, without rational justification or excuse, and without any legitimate or important governmental need to do so, and has thereby deprived them of the equal protection of the law.

40. Wayne County's actions in not approving the adoption subsidy for each minor Plaintiff were in futherance of an official policy or ratification of systematic practices which it knew or should have known violated S.S., S.V., and S.A.'s well-established federal constitutional rights as well of the rights of other children with disabilities, and was in deliberate indifference of those rights. Wayne County also systematically failed to train its staff or to supervise its staff and contractors thereby preventing the approval of the adoption subsidies to S.S., S.V., and S.A. and others like them and for whom Wayne County is required to provide equal adoption opportunities in spite of their disabilities.

41. Wayne County violated S.S., S.V. and S.A.'s right to equal protection of the law pursuant to the Fourteenth Amendment to the United States Constitution and in violation of 42 U.S.C. § 1983.

**WHEREFORE,** for all the foregoing reasons, it is respectfully

requested that judgment be entered in favor of the Plaintiffs for the compensatory damages sought in this matter plus and award of attorney's fees and costs.

### COUNT III: PLAINTIFFS' CLAIMS FOR THEIR ATTORNEYS FEES AND COSTS PURSUANT TO SECTION 504 AND 42 U.S.C § 1988.

42. The factual averments set forth in Paragraphs 1-41 are re-alleged and incorporated by reference herein.

43. The expenditure of attorney time and the litigation costs expended, including the expert costs, were necessary in order to secure an award in S.S., S.V., and S.A.'s favor.

### VII. PRAYER FOR RELIEF

Wherefore, the Plaintiffs request the following relief:

1. That this Court accept jurisdiction over the compensatory claims set forth herein, take additional evidence, and award S.S., S.V., and S.A. compensatory damages including but not limited to adoptive subsidies to redress the injuries they have sustained as a result of the Defendant's illegal conduct and deliberately indifferent violations of their rights;

2. Award Plaintiffs all the reasonable attorney fees and costs which they have incurred or will incur in prosecuting this action.

3. Grant such other relief as this Court deems just and

appropriate.

Respectfully submitted,

Dated: <u>May 26, 2017</u>   LAW OFFICE OF HARRY T. COLEMAN

By: <u>*/s/ Harry T. Coleman*</u>
   Harry T. Coleman, Esquire
   Attorney ID.:  49137
   41 N. Main Street
   3rd Floor, Suite 316
   Carbondale, PA  18407
   570-282-7440
   570-282-7606, fax
   <u>Harry@harrycolemanlaw.com</u>
   *Attorney for Plaintiff*

<div style="text-align:center">

LAW OFFICE OF
# *HARRY T. COLEMAN, ESQUIRE*
41 N. Main Street
3rd Floor, Suite 316
Carbondale, PA 18407
email: Harry@HarryColemanLaw.com
phone: (570) 282-7440 fax: (570) 282-7606

</div>

May 26, 2017

Clerk of Court
U.S. District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

    *Re:*    *S.S.; S.V.; and S.A., through their adoptive parents and next friends, Linda Baker and Warren Baker v. Wayne County Children and Youth Services*
          *Docket No.:*
          *Our File No.: 13281*

Dear Sir / Madam:

    Enclosed with regard to the above-referenced matter, please find an original and one copy of a Complaint along with a draft in the amount of $400.00 for the filing of same. Kindly file the original of record and return the copy to the undersigned in the envelope provided.

    Should you have any questions or concerns, please do not hesitate to contact the undersigned.

    Thank you.

<div style="margin-left:50%">

Very truly yours,

*Harry T. Coleman*
Harry T. Coleman, Esquire

</div>

HTC:at
Enclosure

RECEIVED
SCRANTON
MAY 30 2017
PER _____
DEPUTY CLERK

**LAW OFFICE OF HARRY T. COLEMAN, ESQUIRE**
41 N. Main Street
3rd Floor, Suite 316
Carbondale, PA 18407



U.S. POSTAGE
PAID
CARBONDALE, PA
18407
MAY 26, 17
AMOUNT
$2.03
R2305K141831-04

Clerk of Court
U.S. District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148