# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

S.S., *et al.*,

    Plaintiffs-,

v.

WAYNE COUNTY CHILDREN AND
YOUTH SERVICES,

    Defendant-.

NO. 3:17-CV-00935

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is Defendant Wayne County Children and Youth Services' ("Wayne County") motion to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6). Because Plaintiffs have failed to exhaust their administrative remedies, Defendant's motion will be granted.

## I. Background

The factual record as alleged in the Complaint is as follows. Linda and Warren Baker ("Plaintiffs" or "Bakers") are the maternal great-grandparents and adoptive parents of the minor Plaintiffs in this action, who are siblings. (Doc. 1 at ¶¶ 15, 19, 27-28.) Each of the minor Plaintiffs suffers from one or more disabilities.[1] The Bakers obtained custody of the three minor Plaintiffs through an emergency custody petition after the minor Plaintiffs' biological father was charged criminally with beating his son S.A., and their biological mother was placed in a drug rehabilitation hospital. (*Id.* at ¶¶ 26-28.) The Bakers subsequently adopted the children under Orders entered in the Court of Common Pleas of Wayne County. (*Id.* at ¶ 30.) Wayne County was involved in the oversight of the minor Plaintiffs and assisted the Bakers in seeking custody. (*Id.* at ¶ 29.) During the adoption process, the Bakers were

---

[1] Plaintiff S.S. has been diagnosed with Oppositional Defiant Disorder, Attention Deficit Hyperactivity Disorder ("ADHD"), combined type and unspecified anxiety disorder. Plaintiff S.V. has been diagnosed with ADHD combined type. Plaintiff S.A. has been diagnosed with Unspecified Impulse Control Disorder, ADHD combined type, and Unspecified Depressive Disorder. (Doc. 1 at ¶¶12-14.)

never alerted to the possibility of adoption assistance. (*Id.* at ¶ 23.) At some point, the Bakers were informed by Wayne County that since they adopted the minor Plaintiffs through a private adoption rather than foster care, they would not qualify for an adoption subsidy.[2] (*Id.* at ¶ 35.)

On May 31, 2017, Plaintiffs brought this lawsuit claiming a violation of their constitutional rights and seeking monetary damage against Wayne County. (Doc. 1.) The Complaint alleges that Wayne County (1) failed to provide Plaintiffs with adoption assistance and adoption subsidies consistent with the Pennsylvania Adoption Assistance Program, promulgated under the Federal Adoption Assistance and Child Welfare Act; (2) discriminated against Plaintiffs on the basis of disability in violation of Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") and Title II of the Americans with Disabilities Act of 1990 ("ADA"); and (3) discriminated against Plaintiffs on the basis of disability in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Defendant filed the instant motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) on July 26, 2017. Plaintiffs filed a response on August 5, 2017, and Defendant filed a reply on September 15, 2017. This motion is therefore now ripe for disposition.

**II. Discussion**

**A.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether

---

[2] It is unclear from the Complaint how Plaintiffs were eventually alerted to the possibility of adoption assistance, since they allege they were never informed of this by Wayne County. It is also unclear from the Complaint whether Plaintiffs were informed they were ineligible for assistance before or after the adoption was finalized.

2

the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

**B. Analysis**

*1. Adoption Assistance Program*

Defendant first contends that Plaintiffs fail to state a claim for entitlement to benefits under the Pennsylvania Adoption Assistance Program. The statutory requirements of the Pennsylvania Adoption Assistance Program are provided in the Federal Adoption Assistance and Child Welfare Act, 42 U.S.C. §§ 670-76 ("Title IV-E"). The Pennsylvania statute which is responsive to the Federal Act is the Adoption Opportunities Act ("AOA"), 62 P.S. §§ 771-74, and the corresponding regulations are found at 55 Pa. Code § 3140.201-210. 55 Pa. Code § 3140.202 states in relevant part:

> [T]he county agency shall certify for adoption assistance children whose placement goal is adoption and who meet the following requirements: [] **The child is in the legal custody of the county agency or another agency approved by the Department**[, and] The child shall have at least one of the following characteristics: (i) A physical, mental or emotional condition or handicap[;] (iv) Be a member of a sibling group[;] (v) Be 5 years of age or older.

(Emphasis added.) Defendant argues that, because the minor children were in the Bakers' custody at the time of the adoption, and were adopted through a private agency, Plaintiffs fail to allege that the children were in the "legal custody" of Wayne County at the

3

time of the adoption, and therefore fail to state a claim that the children were eligible for adoption assistance under the AOA. Plaintiffs cite *Gruzinski v. Dep't of Public Welfare* for the proposition that children adopted through private arrangements are still eligible for adoption assistance, notwithstanding state law to the contrary, because the Federal Act includes no requirement that a child be in the legal custody of an approved agency. 731 A.2d 246 (Pa. Cmwlth. 1999); Doc. 11, p. 7. However, Defendant correctly points out that *Gruzinski* appears to have been overruled on the same grounds for which Plaintiffs cite it. *See C.B. ex rel. R.R.M. v. Com., Dep't of Public Welfare*, 786 A.2d 176, 182-83 (Pa. 2001)(determining that the AOA is not preempted by the Federal Act); *see also Glanowski v. New York State Dep't of Family Assistance*, 225 F.Supp.2d 292, 305 (W.D.N.Y. 2002)(observing that *C.B.* effectively overruled *Gruzinski*).

In *C.B.*, the Defendant Department of Public Welfare ("DPW") raised a challenge to the award of adoption subsidies to a child who had been privately adopted. Specifically at issue was the same requirement contested here: that a child be in the custody of the state or a state-approved agency at the time of adoption to be eligible for subsidies. The Pennsylvania Supreme Court found no preemption in large part because, while the federal act did not mandate state agency supported adoptions, "it [was] apparent that Congress contemplated agency custody as a proper measure of eligibility for adoption assistance," and further that "Congress expressly allowed the states participating in the federal program leeway to determine themselves, within certain broad parameters, which children [] are [] eligible for adoption assistance subsidies." *Id.* at 183. The Court therefore finds that Plaintiffs' argument that the AOA's custody requirement is preempted by federal law is unavailing.

However, in *C.B.*, the Pennsylvania Supreme Court held that DPW had nonetheless erred in denying an adoption assistance subsidy to the plaintiffs in that case because of the "unique circumstances" of their adoption. In particular the Court observed, among other things, that while the appellee adoptive parents in *C.B.* "were not technically designated as foster parents during the period when they had temporary legal custody of the child, neither did the placement with them permanently resolve the question of legal custody" where the

4

biological father's parental rights had not yet been terminated and the department in question "presumably had the power to seek to remove the child from appellees' custody" to reunite him with his biological father. *C.B.*, 786 A.2d at 185. The Court noted that the order granting the appellees temporary custody, "like a foster placement, placed [the child] with appellees for a limited time only, not permanently, and that custody presumably was subordinate to the right of the agency and the child's biological father. [] Implicit in a grant of temporary custody is a recognition that some other entity possesses residual control over the child." *Id.* The Court found that, considering the "[a]ppellees were never advised that a consequence of this designation arranged solely to better meet the child's special needs would be to forever disentitle them to adoption assistance based upon a strict definition of 'custody,'" along with the above considerations, the child "effectively was, or should be deemed to have been, in the legal custody of [the agency] so as to satisfy the requirements of the Adoption Opportunities Act." *Id.* at 186.

Following the reasoning of the Court in *C.B.*, Plaintiffs here have alleged sufficient facts to survive dismissal on the issue whether the minor children might be considered to have been constructively in the custody of Wayne County, rendering them eligible for adoption assistance subsidies despite the AOA's custody requirement. Plaintiffs have alleged that Wayne County "was involved in the oversight of the children and assisted [the Bakers] in seeking custody of the minor Plaintiffs." (Doc. 1 ¶ 29.) Since emergency custody did not grant the Bakers permanent custody over the children, Wayne County presumably had the authority to seek to revoke this arrangement and place the children back with their biological parents or in a different foster care arrangement. Considering neither biological parent appears to have been a possible candidate for custody at the time, if the Bakers had not obtained custody of the children they would more than likely have been placed in foster care. In further accord with the facts of *C.B.*, Plaintiffs have alleged that Wayne County never informed them that adoption assistance would have been available if the children had been adopted from foster care, so the Bakers were unaware that their petition for custody in the best interests of the children would foreclose any possibility of assistance. Therefore, the Court finds that

5

Plaintiffs have alleged sufficient facts to continue past this early stage of litigation on this issue.

### 2. Exhaustion of Administrative Remedies

Defendant next contends that Plaintiffs' claim should be dismissed because Plaintiffs have not exhausted their administrative remedies under the Pennsylvania statute. "Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Devine v. St. Luke's Hosp.,* 406 Fex.App'x. 654, 656 (3d Cir. 2011)(citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 2000); *see also Beattie v. Allegheny Cnty.*, 907 A.2d 519, 526 n. 5 (Pa. 2006)("We have clarified [] that the requirement of administrative exhaustion is a judge-made rule and does not pertain to the *existence* of subject matter jurisdiction, but to whether such jurisdiction is properly exercised.") (emphasis in original). Families who are denied access to adoption assistance have the right under the Pennsylvania statute to a Departmental hearing to appeal the denial. 55 Pa. Code § 3140.210. Title IV-E requires access to such hearings as a prerequisite for a state program to be eligible for federal payments. 42 U.S.C. § 671(a)(12).

There appear to be no cases that discuss the doctrine of administrative exhaustion in the particular context of the AOA. However, Pennsylvania courts have consistently held that, where an administrative remedy is available, a plaintiff must exhaust it before pursuing judicial remedies. *See Southeast. Pa. Transp. Auth. v. City of Phila.*, 101 A.3d 79, 90 (Pa. 2014)("As a rule, where an adequate administrative process is available, a party may not forgo that process in favor of seeking judicial relief."); *Bayada Nurses, Inc. v. Com., Dep't Of Labor and Industry*, 8 A.3d 866, 875 (Pa. 2010)("[A]s a general proposition, litigants are required to exhaust adequate and available administrative remedies prior to resorting to judicial remedies."); *Cnty. of Berks ex rel. Baldwin v. Pa. Labor Relations Bd.*, 678 A.2d 355, 360 (Pa. 1996)("It is fundamental that prior to resorting to judicial remedies, litigants must exhaust all the adequate and available administrative remedies which the legislature has provided."); *accord Kleissler v. U.S. Forest Service*, 183 F.3d 196, 200 (3d Cir. 1999) (citing *Southwestern Pa. Growth Alliance v. Browner*, 121 F.3d 106, 112 (3d Cir. 1997))("Plaintiffs

generally must exhaust administrative remedies.").

Plaintiffs argue that they were never notified by Wayne County of their right to appeal, and that it is therefore unreasonable to dismiss their claim for failure to exhaust an administrative remedy they did not know existed. (Doc. 11, p. 12.) However, "when an agency, through regulations, or the Legislature, through statute, has provided a duly published procedure for an appeal, due process of law does not require the administrative agency to extend additional notice of such right." *Quaker State Oil Refining v. Com., Dep't of Envtl. Res.*, 530 A.2d 942, 944-45 (Pa. Cmwlth. 1987)(citing *Commonwealth v. Derry Twp.*, 314 A.2d 868 (Pa. Cmwlth. 1973)); *see also Arena Beverage Corp. v. Pennsylvania Liquor Control Bd.*, 97 A.3d 444, 451 n. 12 (Pa. Cmwlth. 2014) ("This Court has recognized that 'due process does not even require an administrative agency to provide a party with notice of the right to appeal the agency's decision when the agency or the Legislature [] has provided a duly published procedure for a hearing or appeal after such order.'") (quoting *Seropian v. State Ethics Comm'n*, 20 A.3d 534, 539-40 (Pa. Cmwlth. 2011)(further internal quotations and citations omitted). Here, the subchapter of regulations relating to adoption assistance contains a clearly titled section on the "Right to Hearing and Appeal" at 55 Pa. Code § 3140.210. This was adequate notice to Plaintiffs of their right to file an appeal and of the appeals process. Therefore, Wayne County was not required to provide further, individual notice to Plaintiffs and Plaintiffs cannot escape the requirement that they exhaust their administrative remedies through the appeals process.[3]

---

[3] The fact that Plaintiffs have also brought constitutional claims which could not have been resolved through the administrative process is immaterial: the proper inquiry is whether Plaintiffs have an adequate statutory remedy, and whether Wayne County can grant them relief through those procedures, rather than whether they can obtain relief on their preferred grounds. *See Larry Pitt & Assoc., P.C. v. Butler*, 785 A.2d 1092, 1099-1100 (Pa. Cmwlth. 2001).

### III. Conclusion

For the above stated reasons, Wayne County's Motion to Dismiss will be granted, and Plaintiffs' claims will be dismissed without prejudice.

An appropriate order follows.

 February 8, 2018                                    /s/ A. Richard Caputo
Date                                                         A. Richard Caputo
                                                             United States District Judge